IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LOTTIE M. ADAMS              )<br>                             )<br>     Plaintiff,             )<br>                             )<br>   v.                        )<br>                             )       C.A. No. 04-268-KAJ<br> HOUSEHOLD PAYROLL SERVICES, )<br> INC.,                        )<br>                             )<br>     Defendant.              ) | |

**NOTICE OF SUBPOENA**

To: Gary W. Aber, Esquire
   Aber, Goldlust, Baker & Over
   702 King Street, Suite 600
   P. O. Box 1675
   Wilmington, Delaware 19899


PLEASE TAKE NOTICE that on March 17, 2005, the attached subpoena was served on the following in accordance with Rule 45 of the Federal Rules of Civil Procedure:

MeadowWood Hospital

*/s/ Jennifer C. Jauffret*
_____
Jennifer C. Jauffret (#3689)
Alyssa M. Schwartz (#4351)
Richards, Layton & Finger
One Rodney Square
P. O. Box 551
Wilmington, Delaware 19899
(302) 651-7700
Jauffret@rlf.com
Schwartz@rlf.com
Attorneys for Defendant

Dated: March 22, 2005

RLF1-2766891-1

# United States District Court

DISTRICT OF **DELAWARE**

LOTTIE M. ADAMS,

            Plaintiff,

      v.

HOUSEHOLD PAYROLL SERVICES, INC.,

            Defendant.

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER: **04-268-KAJ**

TO:     MeadowWood Hospital, Attn: Debbie McClafferty
         575 S. DuPont Highway
         New Castle, Delaware 19720

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| COURTROOM |
|---|
| |
| DATE AND TIME |
| |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): **Any and all medical records, diagnostic tests and related documents relating to Lottie M. Adams (DOB 09/07/62, SS# 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). A Medical Authorization is attached hereto which further specifies the documents requested.**

| PLACE | DATE AND TIME |
|---|---|
| Richards, Layton & Finger, One Rodney Square, 920 King St., Wilm., DE 19801 | March 29, 2005 by 5:00 p.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) **Attorney for Defendant** | DATE **March 17, 2005** |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER   Jennifer C. Jauffret (#3689), Richards, Layton & Finger, One Rodney Square, P.O. Box 551, Wilmington, DE 19899; (302) 651-7700.

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

RLF1-2783375-1

| PROOF OF SERVICE | |
|---|---|
| DATE<br>3/17/05 | PLACE<br>575 S. DUPONT HWY, NEW CASTLE, DE |
| SERVED | |
| SERVED ON (PRINT NAME)<br>MEADOWOOD HOSP | MANNER OF SERVICE<br>ACCEPTED BY   DEBBIE MCCLAFFERTY |
| SERVED BY (PRINT NAME)<br>DENORRIS BRITT | TITLE<br>PROCESS SERVER |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on      3/17/05
                 DATE

SIGNATURE OF SERVER

BRANDYWINE PROCESS SERVERS, LTD.
P.O. BOX 1360
WILMINGTON, DE  19899-1360
302-475-2600

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D-

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials; or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that,

subject to the provisions of clause (c)(3)(B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

**MeadowWood Behavioral HealthSystem**
575 South DuPont Highway • New Castle, DE 19720
(302) 328-3330 • (800) 289-8336 • Fax (302) 328-1951

Pt name: _____

S.S. #: 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

**Authorization for Release of Information**

D.O.B.: 9-7-62

I, __Lottie Adams__, hereby authorize the use and disclosure of my / my child's individually identifiable health information as described below. I understand that this authorization is voluntary. I need not sign this form to ensure healthcare treatment.

**Type of disclosure:**   ☐ Verbal communication **only:**
☐ Yes ☐ No  Emergency Notification          ☐ Yes ☐ No  Participation in Treatment
☐ Yes ☐ No  General Clinical Issues

The information above may be used and disclosed to the following individual:
Name: _____  Individual Relationship / Organization: _____  Phone# ( ) _____

**Type of Disclosure:**   ☐ Written disclosure **only:**   ☐ **Obtain** written records **from** the agency below:

☐ **Forward** records from MeadowWood's ☐ Inpt ☐ Partial ☐ Outpt and/or ☐ Focus on Recovery

The information below may be used and disclosed to the following individual:

Name: _____
(Individual / Organization)
Address: _____
City: _____ State: _____ ZIP: _____
Phone: ( ) _____   Fax: ( ) _____

The specific information to be used and disclosed includes: For the treatment period: _____ (specify dates)

☐ Yes ☐ No  Discharge Summary                    ☐ Yes ☐ No  History and Physical    Faxed ___
☐ Yes ☐ No  Initial Assessment          Faxed ___ ☐ Yes ☐ No  Labs                    Faxed ___
☐ Yes ☐ No  Admission Psych Evaluation  Faxed ___ ☐ Yes ☐ No  Urine Drug Screen       Faxed ___
Other specific information to be disclosed: ☐ Yes _____   ☐ Yes _____

**Content restriction** *(if any)*    Please **exclude** any information from this disclosure relating to:
☐ HIV information    ☐ my/my child's psychiatric diagnosis    ☐ substance abuse history  and/or
_____ (other excluded information).

The **purpose** of this disclosure is to assist in:

☐ Continuity of care  ☐ Family therapy/communication  ☐ Legal and/or _____ (other purpose)

I understand that my records are protected under the federal regulations governing confidentiality of patient records (42 CFR Part 2) and cannot be disclosed without my written consent unless otherwise provided for in these regulations. I also understand that I may revoke in writing this consent at any time except to the extent that action has already been taken in reliance on it, and that in any event this consent expires automatically as follows:

☐ 120 days after discharge/termination of treatment or _____ (other expiration period).

_Lottie Adams_   March 3, 2005        _____
**Patient / Patient Representative**  Date   **Parent / Legal Guardian**         Date

If signed by legal representative, relationship to patient: _____

_____        _____
Witness:       Date                 2nd Witness (Verbal release only-not permitted for D&A)  Date

NOTE: This authorization is conditioned upon any materials obtained through its use being provided to my attorney, Gary W. Aber.

## CERTIFICATE OF SERVICE

It is hereby certified that on the 22nd day of March, 2005, true and correct copies of the foregoing were served, via e-filing and hand delivery, on counsel as follows:

>   Gary W. Aber, Esquire
>   Aber, Goldlust, Baker & Over
>   702 King Street, Suite 600
>   P. O. Box 1675
>   Wilmington, Delaware  19899

_____
Alyssa M. Schwartz (#4351)

RLF1-2743065-1